UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SHARON KING,

        Plaintiff,

  - against -

NEW YORK-PRESBYTERIAN HOSPITAL,
MICHAEL DAVID CHODROW, and
ALDWIN JOHN,

        Defendants.
---------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

Plaintiff, SHARON KING, by and through her attorneys, Leeds Morelli & Brown, P.C., alleges, upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action based upon the defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act ("PDA"); the Family and Medical Leave Act ("FMLA"); the Americans With Disabilities Act of 1990 ("ADA"); the New York State Executive Law, Human Rights Law, § 290 et seq.; New York City Administrative Code Title 8; and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), 1367, 2201. The pendent jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state law

1

causes of action.

3.    Venue is proper pursuant to 28 U.S.C. § 1391.

4.    The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff has filed a formal administrative complaint (Charge Number 161-2005-00171) with the Equal Employment Opportunity Commission and has received a Right to Sue letter dated January 21, 2005, which is attached as Exhibit A.  This action is filed within 90 days of Plaintiff's receipt of her Right to Sue letter.

## PARTIES

5.    Plaintiff, Sharon King ("Plaintiff" or "King"), was and still is a resident and domiciliary of the County of Westchester, State of New York.

6.    Defendant, New York-Presbyterian Hospital, has a principal place of business at 525 East 68th Street, New York, NY 10021.

7.    Defendant, Michael David Chodrow ("Chodrow"), at all relevant times, worked as Director of Environmental Services of New York-Presbyterian Hospital in New York County.  Chodrow aided, abetted, compelled and/or incited the discriminatory and unlawful treatment set forth below.

8. Defendant, Aldwin John ("John"), at all relevant times, worked for New York-Presbyterian Hospital in New York County. John aided, abetted, compelled and/or incited the discriminatory and unlawful treatment set forth below.

## FACTS

9. Plaintiff, Sharon King ("King" or "Plaintiff") is a black female of Jamaican ancestry.

10. Plaintiff commenced employment with New York-Presbyterian Hospital in 1987.

11. On or about 1997, Plaintiff became the office manager at New York-Presbyterian Hospital's Environmental Services department.

12. Starting in or around 2000, Plaintiff reported directly to Michael David Chodrow ("Chodrow").

13. Chodrow is a Jewish male and is the director of New York-Presbyterian Hospital.

14. Commencing in late 2003, Plaintiff's work was supervised by Aldwin John ("John"), a Black Male of Trinidadian ancestry.

15. John is of Trinidadian ancestry, which is geographically located in the East Indies. Plaintiff is of Jamaican ancestry, which is geographically located in the West Indies. There is and has been conflict between the two cultures.

16. In December 2003, Plaintiff's job performance was negatively reviewed by John. This review was the first negative review that Plaintiff had received at the hospital.

17. Plaintiff was told by several hospital employees that John does not like people from the West Indies.

18. At times, John ignored Plaintiff, falsified information regarding Plaintiff's work and micro-managed Plaintiff's work, whereas employees outside of Plaintiff's protected class were not treated in this manner.

19. Plaintiff took pregnancy leave on April 2, 2004.

20. Prior to Plaintiff's departure, John, repeatedly asked Plaintiff, when are you coming back.

21. On April 15, 2004, Plaintiff delivered a baby.

22. Plaintiff was scheduled to return from pregnancy leave on September 1, 2004.

23. In August 2004, Plaintiff was advised by her doctor to refrain from returning to work for another six weeks due to carpel tunnel syndrome, a herniated disc and nerve damage. Morever, on prior occasions, the Environmental Services Department was made aware that Plaintiff suffered work related injuries.

24. Plaintiff's mother submitted a disability leave form on behalf of Plaintiff to Chodrow. Chodrow and John refused to release the form to Labor Relations for processing or to the Plaintiff's mother to bring to Labor Relations for processing. Plaintiff's mother is also employed by the Hospital.

25. Plaintiff returned to work from disability leave on October 4, 2004.

26. Upon her return, Plaintiff was treated with hostile/retaliatory conduct which included, but is not limited to the following:

    a. John told Plaintiff, words to the effect of, there were no problems since you left and I do not want to disrupt the flow of the department.

    b. John undermined Plaintiff's position as a office manager by asking employees that Plaintiff supervised if there were tasks that they would not want to do anymore, inferring that if they did not want to do certain work he would delegate the Plaintiff to do such work.

    c.    Chodrow directed Plaintiff to answer the phones while staff and management went to an office party.

27. Plaintiff was terminated around October 20, 2004 for no legitimate business reason.

28. Plaintiff is aware of another woman employee who was retaliated against upon returning from pregnancy leave by John.

29. Furthermore, Chodrow and John have a history of hiring male employees over female employees. Chodrow and John also have a history discriminating against females in regard to hiring, termination, and promotion.

**CLAIMS FOR RELIEF**

30. Based on the foregoing, Plaintiff has been subjected to unlawful discrimination by the Respondent on the basis of her race, national origin and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act; the Family and Medical Leave Act; the Americans With Disabilities Act of 1990; the New York State Executive Law, Human Rights Law, § 290 et seq.; New York City Administrative Code Title 8, as well as other applicable federal, state and local laws.

31. As more fully set forth above, the individual Defendants aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law, § 296(6) and New York City Human Rights Law, N.Y.C. Administrative Code Title 8.

32. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Carle Place, New York
       March 21, 2005

                                                         Respectfully Submitted,

                                                         LEEDS, MORELLI & BROWN, PC
                                                         *Attorneys for Plaintiff*
                                                          One Old Country Road, Suite 347
                                                         Carle Place, New York 11514
                                                         (516) 873-9550

                                                         _____/S_____
                                                         RICK OSTROVE (RO-7248)
                                                         GREGORY SCOLIERI (GS-3501)